FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 FEB 10 PM 4: 23

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REVEREND DENINAH WEBB GOODWIN | * | CIVIL ACTION |
| VERSUS | * | NUMBER 03-0409 |
| ROSALIND IRVIN KAY, THE PRIVATE | * | SECTION " " ( ) |
| COLLECTIONS BOUTIQUE, AND ALL | | SECT. C MAG. 1 |
| LIABILITY CARRIERS, KATHLEEN | | |
| ROBINSON, GLENDA PROFIT, TUX "R' | | |
| US, RETAIL ESTABLISHMENT, AND | | |
| ALL OTHER LIABILTY CARRIERS, | | |
| AND OTHER PERSONS WHO DID | | |
| WILLFULLY, OR NEGLIGENTLY, | | |
| DID PARTAKE IN THE DEFAMATION | | |
| OF THE CHARACTER OF THE AFORE- | | |
| MENTIONED PLAINTIFF * | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT - DEFAMATION OF A DISABLED
### PERSON'S CHARACTER
### I.

The complaint of the plaintiff, the Reverend Deninah Webb- Goodwin, a person of Majority age, who is domiciled in the Parish of the Eastern District of Louisiana, in these United States of America, ordained a minister in the State of Louisiana, and by declaration of the Social Security Administration of these United States of America, a disabled person of more than 80%,

Fee 150.00
Process _____
X Dktd _____
CtRmDep _____
Doc. No _____1_____

Does present herself pro se counsel, in these and all related proceedings, hereunto,

II.

The defendants are hereunto Rosalind Irvin Jackson Kay, Glendra Profit, Kathleen Robinson, and their retail establishments including but not limited to, The Private Collections Unlimited, Tux "r' Us, defendants and their said retail establishments Are located with the Eastern District of Louisiana, in these United States of America, and Their liability carriers xyz, and any or all retail merchants who may have been involved, or By a percentage of gross or willful neglect, who contributed to the " character assassination" Of the aforementioned plaintiff, and or any or all other persons within the " church circle", of Both the plaintiff, and that of the defendants, the defendants are of majority age, and that the Defendants are domiciled in the Eastern District of Louisiana,

III.

These federal proceedings arise out The Amercan With Disablities Act, that Inlaymen's term says that anyone who willfully, or who in part are whole, contributed to Criminal and or civil acts against an already disabled person, creates a recompensatory Climate , to in addition to there already existing lack, by additionally diminishing their Their economical plight, shall hereunto, punitively, be examined, and their determined by These United States , to carefully scrutinize, and shall mandate, once proven, in these federal Courts be made, to reciprocate with stiffer punitive, actual /or general damages, This action arises Under the Constitution of the United States, particularly, the 4th Amendant and 5th Amendants, And 42 U.S.C. court is founded on 28 USC, as herein more fully appears. The supplemental Jurisdiction of this court is invoked for claims arising under the Laws of the State of Louisiana.

IV.

The plaintiff alleges that on/ or about Friday, September, 20,2002, at or about
At the hour of 4:30pm, the plaintiff, after dropping the plaintiff's daughter off at work, at
The Ashley Stewart Department Store in the Gentilly Woods Shopping Center, the plaintiff

Was strolling the mall, when the plaintiff, observed, a particular clothing item, in the window

At the retail store " Tux R Us ", the plaintiff walked in and made inquiry as to what the price

Was, the salesperson. Who now can be identified, as Glendora Profit, stated that she had not seen,

The plaintiff in a very long time. As the plaintiff had been a senior elder at two of the largest

African- American Churches, in the city of New Orleans, one of which has a membership of

18,000 people, and the other has 10,000 members, both of whom have television broadcast,

There are many persons who know the plaintiff, plaintiff thought nothing of the comment.

Upon the plaintiff's trying on some articles of clothing, the plaintiff selected a suit,as was

Attempting to pay for the item with a credit card, when who, we now know to be, Kathleen

Robinson, entered the store and said very nastily, " I had a bad experience with you, Reverend".

Plaintiff recognized the defendant, as one of the proprietors of a small cart-like retail establishment,

directly across from where this incident was taking place, where she had visited once, but

Any other details alluded the plaintiff. However, Ms. Robinson, walked very sternly

Toward the back to the rear of her establishment, and the plaintiff ,who was more than

Perplexed by the this remark, stood with a loss of words at the counter of the front of

The store. Ms. Profit then makes inquiry of the plaintiff, as to whether or not , the plaintiff

Had any idea as to what Ms. Robinson is referring to, the plaintiff, had no response because,

The plaintiff had no knowledge of what was going on, and because Ms. Profit seemed to be

Somewhat conciliatory in her demeanor, the plaintiff then asked the Ms. Profit to step to the

Rear of the establishment, and ask Ms. Robinson, to come and speak with her, as to get some

Clarity, the defendant approaches the front, yelling " You're a thief, an incident happened, and

I wasn't sure if it was you, until, I called Rosalind Irvin Kay a few years ago, and she told me

that if anything was missing in my store that it was you, because that's how you kept your "store

Open, stealing out of other people's stores around the city"! The plaintiff was enameled! The yelling

Went on by Ms. Robinson, as a small crowd began to gather outside in the mall strip, the plaintiff

Began to respond likewise after a period of time to as the Ms. Robinson, was yelling uncontrollably,

Thief! Thief! Get out of my store! The defendant was making moving gestures toward the plaintiff,

As if to help the plaintiff out. The plaintiff then turned around before walking out, and made inquiry

Of the defendants, that if what she was saying was true , then why did not contact the proper

Law-enforcement officials, and the defendant Ms. Robinson again, responded that the defendant,

Decided to leave it, " in the hands of the Lord ", and Roz, assuming to be Roz Kay, the other defendant,

Saw to it, that the plaintiff, "Got what just what she deserved when she had my as, put in jail!"

The plaintiff looking at some of the faces in the mall, and in the store that, had been to hear her preach,

Or that had helped, in terms of helping troubled youths, was humilated beyond anyone's imagination.

The plaintiff, both tearful and angry apologized to the children who were standing looking on, but the

The plaintiff, attempted to regain composure enough, to get the names, and telephone numbers, of

Persons who were both, in Ms. Robinson's establishment, and the gathering throne.

IV.

The plaintiff, since the date of the aforementioned date, upon, a very thorough

And painful investigation over a period of several months, will be able to prove beyond a shadow

Of this courts' doubt, along with anyone else's the primary defendant in this litigation, is Rosalind

Irvin Jackson Kay, and due to the ever present threat seemingly, that the plaintiff, Rev. Goodwin,

Posed in the retail clothing business of African- American Church women in the city, by opening

A number of successful garage sales that resulted, in an expeditious boom, that resulted in making

Attempts to become, a full fledged women's clothing and accessories shop, as " Dee's Feminine

Fashions"that this supposed surrogate, (exhibit 1- Video-tape) adopted big sister, did so very,

Not only calculatingly, but cunningly, caused the plaintiff's business to be closed, but also share

Vicious lies amongst fashion merchants around the City of New Orleans, that the plaintiff, who

Had not only been a good customer,had known the plaintiff since childhood, dressed her for

Her debutante balls, asked her to watched the shop, at the wage of a " promised outfit", could

Have been the one would add to what already had seemed to have been, sometimes mindboggling

disastrous pleas for some form of justice, for a loss of an entire teaching career, due to an accident,

With an 18- wheeled vehicle, that the defendant was privy to the hospital visits through two double

Lumbar fusions, and more than 11 hospital visits. (Exhibits 2and 3- accident report and operative reports,

For both back surgeries) Whereupon there has been, beyond the shadow of any reasonable person's

Doubt, that the defendants contributed to the demise of past, present, and future employment

Opportunities, based the by product of their " gossip", and "evil ", resulted in store security personnel,

And sales staff, who incidently, were members of the two largest African- American churches, The Greater

St. Stephen Full Gospel Church, and the Life Center Full Gospel Church, where the plaintiff, served as Senior elder, in both churches, and being as the primary defendant, Rosalind Irvin Kay, had any number of Dealings, more specifically, with the Greater St. Stephen Full Gospel Church, made attempts to not only Discredit The plaintiff's "boutique", which had begun to do well, but to make suggestions, to a variety of Witnesses, who shall be called upon to testify, to imply that the merchandise, was not only stolen, that the Plaintiff was selling, but "that it was stolen from her boutique, The Private Collections Boutique, and thus any One purchasing such, was in fact, in the possession of " stolen property", eventually, causing the plaintiff, to Close, the plaintiff's shop. However, the most severe and traumatic experience was suffered by the plaintiff, When she was physically arrested, on two separate occasions, seven days apart, in two prominent, stores, Where the sales staff, and /or the security officer, the said organizations, were either members of the above mentioned churches, and/or had a direct correlation with such churches, and the constant fiber that tied the entire scenario together, and the byproduct, which has resulted in poverty for plaintiff, and the plaintiff is Still attempting to recover, her credibility as a female, African- American, disabled Gospel Preacher, but even Had consequences on plaintiff's underlying initial litigational issues with the truck, placing a haze of cloud of Lack of credibility, and, truth, as to the testimony of " how the plaintiff's accident, had occurred, and thus the Primary defendant, Rosalind Irvin Kaye, has cost the plaintiff " so much "!

V.

Wherefore, if it pleases, the courts of these United States, in the Eastern District of the State of Louisiana, the plaintiff, in the form of pro se counsel, has painstagingly, gathered, a series of Witnesses, both in arenas of church and retail, who have both given verbally, and have promised to testify, That the defendant, more specifically, Rosalind Irvin Kaye, had relayed to them on a number of occasions, That the plaintiff not only, was stealing her merchandise, but had described the plaintiff in many an mal-Spirited details, in the words that even the plaintiff, tearfully, finds unbelievable, as she pretended for years To only be interested in the welfare, of the plaintiff, since she was a very young child, on Tupelo Street, in The Lower Ninth Ward, Area, of the City of New Orleans. And as we pray that these courts will assign, on A gross negligence percentage probability, and causation, for each of the defendants, we prayerfully, are thankful, To the defendant's Kathleen Robinson, and Glendra Profit, of the establishment, " Tux " R " Us, for giving The plaintiff, a " lightbulb" moment, as to how her world, had become so drastically unraveled, and were it Not for the said incident, that the plaintiff, would have never been able to get to the " root". Of the this evil,

That has resulted in a substantial loss of income, heightened physiological, and psychological, damage,
To a disabled person, but most importantly, the plaintiff, has maintained a life in service and community
Oriented activities, associated with the plaintiff's past teaching profession, has been called upon, to inter-
Vane for many youngsters, who are in trouble in the Criminal Court Systems, throughout the Eastern Dis-
Trict, in the State of Louisiana, certainly, a motivational speaker, that is nationally traveled, a woman's
Activist, in reference to equal employment of women as the professional clergy persons that they are, and even
Partime employers, in any public arena, once they " heard the word around", about the plaintiff, simply
Either, " asked her leave", or did not hire her. The plaintiff, will demonstrate, the extenuating circumstances
By which the plaintiff, might be employed, only to fear, " that the wrong person would see" plaintiff, and once
Again, the plaintiff, would have little supplemental income. And though the end result of both arrests, was
That the courts believed the plaintiff, this was not until the plaintiff had a,1. Had name disgraced by being
Placed on a public criminal docket, and once again, where many of the said employees in the courts attended
The same two aforementioned churches, 2. Spent more than $3800, in legal fees, that the plaintiff did not
Have, 3. Had to become resolved in spirit that God will the truth out, but that the plaintiff needed to face
These said "demons", and rise again, in the newness of Christ Jesus.

VI.

And finally the plaintiff prays that the defendants to be determined that these courts,
Punitive damages, general damages, including but not limited to, past part-time wages, present part
Time wages, loss of projected revenue to have been generated by close of the plaintiffs' boutique, and
A complete public retraction, by a public form of media, to be paid for the defendants, total to be no less
Than $100,000, but shall not exceed either,individually, nor collectively, $250,000, as they per the Louisiana
Satues of Civil and/ or criminal codes committed acts of the character defamation of one, the Reverend Deninah
Kim Goodwin Webb Blakeney, Statue 47, which states that, " Defamation is the malicious publication or
Expression in any, manner, to anyone,other than the party defamed, of anything tends:

1. To expose any person to hatred, contempt, or ridicule, or to deprive him of the benefit
Of public confidence or social intercourse; or to2. To expose the memory of one deceased to hatred, contempt,
Or ridicule;or, 3. To injure any person, corporation, or association of persons in his or their business or
Occupation. Whoever commits the crime of defamation shall be fined not more than $500.00, or imprisoned
For not more than 6 months, or both. Whoever is found to be guilty of the civil crime of defamation shall be

Determined the court, with limitless losses provable by the plaintiff, against the defendants, and or

They themselves individually, corporately, or collectively at the said trial. Plaintiff tentatively plans to

Call as witnesses:

1. Bishop Paul S. Morton Sr. Pastor of the Greater St. Stephen Full Gospel Baptist Churches,

2. Co=Pastor Debra B. Morton- of the Greater St. Stephen Full Gospel Baptist Churches,

3. Bishop J.Douglas Wiley- Sr. Pastor of the Life Center Full Gospel Baptist Church,

4. Sis. Lisa V. Wiley- Chief Administrator of the Life Center Full Gospel Church,

5. Ms. Elodia Blanco- former employee of the Private Collections Boutique,

6. Ms. Paulette Wright Davis- customer of both Private Collections and Dee's Feminine Treasures, owned by the plaintiff,

7. Ms. Elaine Gustovia- former of Dee's Feminine Treasures Boutique,

8. Officer Joseph Warner, of the New Orleans Police Department, arresting officer, At Lord and Taylor,

9. Dr. Henry M. Evans- family physician

10. Dr. Charles Billings- Orthaepaedic Surgeon

11. Judge Charles Elloie, of the Criminal District Court, in the Parish of Orleans,

12. Judge Alan Green, of the Criminal District Court in Jefferson parish in the State Of Louisiana,

※ 13. Assistant District Attorney Con Regan of the Jefferson Parish,

The plaintiff willfully acknowledges that the may be more "tentative defendants", that may be Added to this lawsuit, including but not limited to: Atty. Morris and Mrs, Hazel Reed, based upon more Evidence being uncovered, other church administrative personnel, and many members of both churches Who may have been apart of such. The plaintiff asks for a trial by a jury of her peers, in this the Eastern District of Louisiana, and that all costs incurred for filing any and/all civil proceedings be divided between The defendants in a subdrogation, to be determined by these courts, and all other unforeseen costs.

※ 14. Mrs. Yolanda Keeler- proprietor of women's retail boutique - Franklin Avenue Baptist Church

※ 15. Pastor Fred Luter - Sr. Pastor of Franklin Ave. Bapt. Church, where is Mrs. Kaye is a member.

## O-R-D-E-R of Service

Please serve the following persons at the so- named business establishments, individually, collectively, Corporately, and/or upon the ponit of notification, at the their respective liability carriers insurance co, as follows:

Glendra Profit, at 4331,or 4325 Chef Menteur highway, at the Gentilly Woods Shopping Center
Kathleen Robinson, at 4331 or 4325 Chef Menteur Highway,    '"          ''
Rosalind Irvin Kay, 1427 Poland Avenue, New Orleans, La.
The Private Collections Unlimited,1427 Poland Ave., New Orleans, La.70117
Tux "r" Us retail establishment, at 4331 Chef Menteur Highway,or 4325 Chef Menteur Highway
XYZ Liability Carriers

Respectfully submitted
by,
Rev. Deninah Goodwin
P.O. Box 872922
New Orleans, La.
70187
(504) 248-9626

# SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED